■ CONSTANCE MONETTE, Appellant, v. CHARLES BONSALL et al., Respondents.— Order unanimously modified and as modified affirmed, with costs to plaintiff, and matter remitted to Supreme Court, Erie County, for further proceedings all in accordance with the following Memorandum: The conduct of defendants' representatives in this action does not merit opening the default; but it appears that the amount awarded for personal injuries included in the judgment may be excessive, and in the interest of justice we deem it proper that such damages be assessed at a hearing at which defendants may defend on that issue. The accident happened on July 3, 1964, and the summons and complaint were served on September 15, 1965. Defendants turned these papers over to their insurance carrier which, so far as appears herein, never retained an attorney to represent it or the defendants in the case until after the default judgment was entered over one year later. Moreover, the procedure on this motion to open the default and vacate the judgment has been highly irregular. The motion is supported only by an affidavit by one of the insurance carrier's (and hence, the defendants') attorneys who have appeared in the case for the first time after entry of the default judgment. Said affiant does not state how he knows any of the "facts" which he sets forth. Furthermore, no attempt is made to show how the accident occurred or what defense there is to the action. The attorney merely makes the bald conclusory statement that the "defendants have a valid defense to the complaint." Thus, the motion is unsupported by a required affidavit of merits, and, as far as liability is concerned, should therefore have been denied forthwith. (*Levine* v. *Fal-Bar Argentinian Corner Rest.*, 18 A D 2d 611; and see *Weeks* v. *Jankowitz*, 23 A D 2d 549; *Fagin* v. *Grossinger S & H*, 20 A D 2d 623; *Keating* v. *Smith*, 20 A D 2d 141; *Sortino* v. *Fisher*, 20 A D 2d 25, 31.) It is noted further that, although the affidavit in support of the motion asserts

that a general extension of time to answer was granted by plaintiff, it shows that no attorney ever contacted plaintiff's attorneys with respect to an extension. Two "employees" of the insurance carrier are said to have contacted plaintiff's attorneys; and intra-office notations said to have been made by them are appended, in one of which a general extension of time to answer was stated. Plaintiff's attorneys deny giving a general extension of time, in this or any other case at any time; and the insurance company's employee, Engel, who allegedly made the notation is strangely silent. We conclude that the affidavit of one of plaintiff's attorneys, submitted on the application for the default judgment, that no extension of time to answer was granted to defendants is factual. Upon the facts appearing on this motion, no credible excuse has been offered for defendants' default. We, therefore would reverse and deny the motion to open the default without more, except that, as above noted, we believe in the interest of justice the damages should be reassessed at a hearing at which the defendants may defend on that issue only. However, we do not believe that defendants' carrier should be rewarded for its delaying conduct by retaining the use of the ultimate settlement or award moneys from the date of the entry of the default judgment on October 20, 1966 without interest penalty. Accordingly, we direct that the amount of the judgment awarded on the trial of the issue of damages bear interest from the date of the default judgment, i.e., October 20, 1966. (Appeal from order of Erie Special Term granting motion for leave to open default.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.