■ NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, Respondent, v ROBERT W. PREUSCH, Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered March 11, 1975, denying defendant Preusch's motion to vacate a default judgment for $5,673,844 is unanimously modified, in the exercise of discretion, so as to grant said motion to open the default on condition that said defendant shall pay $2,500 to plaintiff-respondent within 20 days after publication of this decision as partial compensation for its expenses. On compliance with such condition, defendant shall be granted 20 days after such date of publication to answer the complaint, but the judgment shall stand as security for the plaintiff's claim. In the event of failure by said defendant to pay such $2,500 within said 20 days, the judgment is affirmed; all without costs to either party against the other. We agree with Special Term that defendant was in default in answering the amended complaint. The amended complaint did not add "new or additional claims for relief" requiring personal service upon defendant under CPLR 3012; and Mr. Moffatt was defendant's authorized agent to receive the amended complaint. But the default was not a case of defendant's willful and inexcusable ignoring of the amended complaint. It is true that he was given notice in writing that a default judgment would be taken if he did not answer. But during most of the period before and after the service of the amended complaint he was negotiating with plaintiff through an attorney with respect to the matter; he appeared and submitted to examination before trial; and when his first attorney decided not to represent him he tried to get another. The period of default between the expiration of the extended time to answer the amended complaint and the order directing an inquest was slightly over one month; the new attorney requested a stipulation opening the judgment about a month after the default judgment; and the notice of motion to vacate the default

judgment was served slightly over two months after the inquest and default judgment. While the affidavit of merits leaves something to be desired, the complaint itself covers such a long period with so many transactions referred to in general terms, that perhaps defendant's affidavit of merits is not much less specific than the complaint. In any event, a default judgment for $5,673,844 is just too much of a penalty for this default. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Silverman, JJ.