■ CAMERON K. WEHRINGER, Appellant, v DANIEL P. KESSLER, Respondent.—Order, Supreme Court, New York County, entered November 15, 1976, vacating the default judgment and permitting the defendant to answer, unanimously modified, on the facts and in the exercise of discretion, to provide that the motion to vacate the default judgment is granted upon condition that defendant pay to plaintiff, at plaintiff's office, within 10 days after service upon defendant by plaintiff of a copy of the order entered hereon, with notice of entry, the sum of $100 costs, and, as so modified, affirmed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. In order to vacate a default judgment entered against him, a defendant must show a meritorious defense to the particular action and a reasonable excuse for his default. The plaintiff has brought this action to recover damages for harassment, malicious prosecution and abuse of process

arising from an information filed by the defendant in the Criminal Court. The defendant has delineated a meritorious defense by indicating that the information was filed, as a matter of necessity, pursuant to section D26-10.07 of the Administrative Code of the City of New York in order to gain access to plaintiff's premises to make appropriate repairs. With regard to the excuse advanced for the default, the defendant maintains that he forwarded the summons and the complaint to his insurance broker. He further maintains that either his broker did not forward the papers to the insurance company or, if the papers were forwarded, that the insurance company did not alert its attorneys of this action. The defendant denies that he was served with a notice of default or any other papers before he received a copy of the default judgment. Viewing the evidence most favorably to the defendant, his default in this proceeding was not deliberate. *(New York Annual Conference of the United Methodist Church v Preusch,* 51 AD2d 711.) It was caused by the clerical oversight and inadvertence of his broker and/or his insurer. Under this circumstance, a valid reason has been proffered for excusing the default. However, in view of the inconvenience to and the expenses incurred by the plaintiff, the vacation of the default judgment will be conditioned upon the payment of $100 costs by the defendant, individually, to the plaintiff. *(Hensey Props. v Lamagna,* 23 AD2d 742.) Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.