■ ALICE JONES, Appellant, v THELMA ROBINSON et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated July 17, 1980, denying her motion to (1) transfer the action from the Civil Court, Queens County to the Supreme Court, Queens County and (2) amend her bill of particulars. Order modified by adding thereto a provision that the denial of plaintiff's motion insofar as it is to amend her bill of particulars is without prejudice to her renewing that part of her motion in Civil Court. As so modified, order affirmed, without costs or disbursements (see *Komorowski v Smith,* 74 AD2d 841). Rabin, J.P., Cohalan, Weinstein and Thompson, JJ., concur.

■ JACK S. LEVINE, as President of Restore Our Abridged Rights, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents, and BOSTON M. CHANCE et al., Respondents-Intervenors. — In a declaratory judgment action, plaintiffs appeal from an order of the Supreme Court, Kings County, dated January 22, 1981 which, *inter alia,* dismissed the complaint. Order affirmed, without costs or disbursements. The complaint must be dismissed on the basis of Federal pre-emption. Rabin, J.P., Cohalan, Weinstein and Thompson, JJ., concur.

■ MIDNIGHT EARS, INC., Respondent, v CLEAR-VU PACKAGING, INC., Appellant, et al., Defendant. — In an action to recover damages for loss of bailed property, defendant Clear-Vu Packaging, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated May 12, 1980, as, upon reargument, adhered to the court's original determination denying said defendant's motion to vacate a default judgment. Order modified, on the law and as a matter of discretion, by adding thereto, after the provision adhering to the original determination, the following: "except that the default judgment is opened to the extent of directing a reassessment of damages." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The judgment shall remain on record in the interim. In our view, the record offers no basis for reopening of the entire default and vacatur of the judgment. The fact that appellant's insurance carriers engaged in a quarrel among themselves and disputed their obligation to defend provides no excuse to the appellant for delaying 11 months after the time to answer had expired before moving to vacate the default. Indeed, the appellant seems to have defaulted as well in a subsequent New Jersey action to enforce the New York judgment. Nevertheless, the vast discrepancy between plaintiff's original claim for stock loss and the amount of loss adjudged at the inquest on the basis of rather scanty evidence warrants the opening of the default judgment to the extent of directing a new inquest at which appellant may defend on the issue of damages (see *Monette v Bonsall,* 29 AD2d 839). Damiani, J.P., Lazer, Mangano and Gibbons, JJ., concur.