■ CHRIST-MITCH REALTY CORP., Respondent, v CLARKSON REALTY CORP., Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant Clarkson Realty Corporation appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 16, 1986, which denied its motion, *inter alia,* to vacate a default judgment of foreclosure and to stay the foreclosure sale.

Order affirmed, with costs, and the provision in this court's order dated May 9, 1986, enjoining the Referee from delivering the deed to the property, is hereby vacated.

This action was commenced in January 1984 due to a default on mortgage payments since July 1983. The appellant was served by delivery of a copy of the summons and complaint to the Secretary of State. The appellant failed to appear or answer and, in January 1985, brought a motion to vacate its default. Although the appellant claims the motion was settled by a stipulation, no such stipulation was ever produced. The record does not indicate that there was any decision on the motion. Thereafter, the appellant failed to appear in any subsequent proceedings until April 1986, when it moved to vacate the default judgment, which was dated March 4, 1986.

The facts as presented by the appellant fail to establish any grounds for vacating the default judgment under CPLR 5015. No valid excuse has been offered for its failure to interpose an answer. Further, the appellant has offered no meritorious defense to the claim that it defaulted on the mortgage payments *(see, Priester v Sigmond,* 48 AD2d 988).

The claim of unconscionable conduct on the part of the plaintiff's predecessor in this action is without merit. The appellant has failed to show any conduct by an adverse party that prevented it from fully and fairly litigating this matter *(see, Shaw v Shaw,* 97 AD2d 403).

The appellant's remaining contention, that the Referee failed to compute the rents collected by the court-appointed receivers, was not raised in the Supreme Court, Kings County, and, therefore, we decline to reach the issue on appeal. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.