■ BRUNO FUCCI, Respondent, v FLORENCE FUCCI, Appellant. —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Di Noto, J.), entered

August 12, 1988, as (1) dissolved the marriage by reason of cruel and inhuman treatment of the plaintiff by the defendant, (2) terminated the defendant's interest in the plaintiff's pension plan and employee investment fund, (3) terminated the joint rights of the parties to certain bonds and securities, and (4) ordered the defendant to pay the plaintiff the sum of $69,966.37, as distribution of the marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief on July 2, 1985, on the ground of cruel and inhuman treatment. The defendant failed to attend two court-ordered examinations before trial, on January 27, 1987, and February 17, 1987, respectively, at which time she was required to comply with a discovery request. Thereafter, the plaintiff moved to strike the defendant's answer pursuant to CPLR 3126, because of her failure to provide the documents. By order dated September 30, 1987, the court granted the plaintiff's motion, unless the defendant produced the documents and paid a $1,000 sanction within 30 days. In November 1987 the court conducted a hearing to determine whether the defendant had a reasonable excuse for not complying with its prior orders. The defendant contended that she was unable to proffer certain documents (i.e., her 1985 tax returns, bank checking statements and periodic security statements) as the result of a theft of those documents from the trunk of her vehicle on March 28, 1987. However, by order dated March 21, 1988, the Supreme Court unconditionally struck the defendant's answer and transferred the case to the uncontested matrimonial part for an inquest with respect to the economic issues of the marriage.

We note that although the plaintiff was granted a divorce upon the defendant's default, we may nevertheless review the issues pertaining to whether the Supreme Court properly declined to vacate the default, which was the " 'subject of contest' " at the hearing held in November 1987 (Katz v Katz, 68 AD2d 536, 541).

Under the circumstances of this case it is evident that the court did not improvidently exercise its discretion when it ordered that the defendant's answer be stricken, after she had repeatedly failed to comply with the plaintiff's discovery request, even after several court orders. The vandalization of the defendant's vehicle two months after the pretrial scheduling order did not establish a reasonable excuse for the delay.

Although the defendant was provided with further opportunities to procure the missing documents, she remained dilatory, merely offering to furnish the plaintiff with authorizations for the documents, thereby improperly attempting to shift the burden of obtaining the documents to the plaintiff. While the drastic sanction of striking the defendant's answer "should not be invoked unless the resisting party's default is clearly shown to be deliberate and contumacious" *(Read v Dickson,* 150 AD2d 543, 544; *see, Lowitt v Borton I. Korelitz M.D., P. C.,* 152 AD2d 506, 507), the defendant's conduct, as evidenced by the record, constituted dilatory and obstructive conduct *(see,* CPLR 3126 [3]; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548; *Sony Corp. v Savemart, Inc.,* 59 AD2d 676), or at the very least gave rise to an inference of willful and contumacious conduct which justified the striking of her answer *(see, American Business Underwriters v American Intl. Group,* 66 NY2d 878; *Henderson v Stilwell,* 116 AD2d 861).

Similarly unavailing is the defendant's assertion that the Referee improvidently exercised his discretion in refusing to allow her to present witnesses and evidence at the inquest. Although the defendant has raised this issue, she has neglected to provide this court with the transcript of the inquest. Since the defendant challenges a ruling made by the Referee at the inquest, the defendant may not properly dispense with the need for a transcript, pursuant to CPLR 5525 (b), as her appeal does not rely only upon exceptions to rulings on questions of law made after the case was finally submitted *(see generally,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5525.04; *Matter of Baiko v Baiko,* 141 AD2d 635). Nevertheless, the excerpts of the inquest provided by the plaintiff indicate that during the inquest the defendant was provided with a full opportunity to cross-examine witnesses and to present evidence vis-à-vis the economic issues of the marriage. Therefore, this contention is totally without merit.

We find no merit to the defendant's remaining contentions. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.