■ ROBERT STRAUSS, Respondent, v 926 PARK AVENUE CORP., Appellant.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), dated October 25, 1991, which, *inter alia,* denied defendant's motion for an order pursuant to CPLR 5015 excusing two defaults and vacating a portion of said court's February 5, 1991 order striking defendant's answer upon its non-compliance with the order and vacating the judgment after inquest, unanimously modified on the law, the facts and in the exercise of discretion, to the extent that the awards for breach of the warranty of habitability and punitive damages are vacated, the matter is remanded for a new trial as to said damages, and otherwise affirmed, without costs.

In the 1989 complaint, plaintiff-tenant seeks compensatory and punitive damages for breach of contract, breach of the warranty of habitability, and negligence based upon the defendant-landlord's alleged failure to repair water leaks in a Manhattan apartment since 1983 and the resulting damage to the apartment and plaintiff's personal property. Defendant's failure to comply with the motion court's order to serve a response to plaintiff's demand for witnesses, notice of discovery, and production of a witness for deposition resulted in the answer being stricken. At the inquest, defendant's motion to vacate the order striking its answer and defense counsel's motion to withdraw were denied. The court then awarded plaintiff, *inter alia,* $10,000 plus interest in property damages, $40,000 plus interest on the breach of warranty of habitability claim, and $20,000 in punitive damages.

A subsequent motion to vacate the order striking defendant's answer, to vacate the judgment after inquest, and to restore the matter to the trial calendar was brought by defendant's general counsel or "private counsel" and was also denied by the motion court. The motion court properly determined that private counsel lacked standing to bring the motion because he was not the attorney of record *(see,* CPLR

321) and that, in any event, defendant's default had been willful and therefore was unexcusable (see, CPLR 5015). The latter finding was fully supported by the record. However, the record also established (1) that defendant was not informed of the inquest by its attorney of record; (2) that its attorney of record conceded that defendant should be represented by private counsel on the issues of breach of warranty of habitability, punitive damages, and equitable relief because counsel was only prepared to litigate the property damage claim;* and (3) that $60,000 of the $70,000 monetary award was for the breach of warranty of habitability and punitive damages. Therefore, a new trial on damages for breach of warranty of habitability and punitive damages is warranted. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.

---

* This limitation in the scope of the attorney of record's representation of defendant was apparently attributable to coverage restrictions in defendant's insurance policy, pursuant to which counsel was retained.