(September 21, 1992)

■ JAMES BROSNAN et al., Respondents, v MARY M. BEHETTE, Doing Business as CARLTON ASSOCIATES, Appellant.—In an action to recover legal fees, the defendant appeals (1) from an order of the Supreme Court, Kings County (Huffner, J.), entered November 20, 1989, which, *inter alia,* denied, upon her default in appearing for oral argument, her motion to compel acceptance of an untimely answer, granted the plaintiffs' cross motion to hold the defendant in default, and directed an inquest as to damages, (2) from an order of the same court, also entered November 20, 1989, which denied the defendant's motion to vacate her default in appearing for oral argument of her motion to compel the plaintiffs to accept her untimely answer, and (3) as limited by her brief, from so much of a judgment of the same court, entered February 6, 1990, as, after an inquest on damages, is in favor of the plaintiffs in the sum of $59,375, for counsel fees, awarded the plaintiffs costs and disbursements, and which directed her to issue a new two-year lease to the plaintiff James Brosnan, for a specified apartment. The appeal from the judgment brings up for review an order of the same court, dated January 29, 1990, which denied the appellant's motion to vacate her default in appearing at the inquest.

Ordered that the appeals from the orders entered November 20, 1989, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts, and as an exercise of discretion, by deleting the provision thereof awarding counsel fees in the amount of $59,375 and substituting therefor a provision awarding counsel fees in the amount of $35,572.50; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and the

matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

The appeal from the intermediate orders entered November 20, 1989, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

By order entered November 20, 1989, the Supreme Court denied the defendant's motion to compel acceptance of her untimely answer and granted the plaintiffs' cross motion to hold her in default, after the defendant's counsel failed to appear on the call of the calendar for oral argument. In a companion order, also entered November 20, 1989, the same court denied the defendant's motion to vacate her default in appearing for oral argument of her motion to compel acceptance of her untimely answer.

Thereafter, an inquest was held on December 19, 1989, at which the defendant's counsel again failed to appear. The defendant then moved (1) to vacate her default in appearing at the inquest, and (2) for reargument of the motions which led to the orders entered November 20, 1989. That motion was denied by order dated January 29, 1990.

Notwithstanding the prohibition contained in CPLR 5511 against an appeal taken from an order or judgment entered upon the default of the appealing party, an appeal from the judgment entered February 6, 1990, brings up for review those " 'matters which were the subject of contest [in the Supreme Court]' " (Katz v Katz, 68 AD2d 536, 541-542, quoting James v Powell, 19 NY2d 249, 256, n 3; see also, Fucci v Fucci, 166 AD2d 551). The two orders entered November 20, 1989, resulted from motions which were "contested", since the defendant had been the movant and had served papers on the plaintiffs.

Although the order dated January 29, 1990, also falls into the category of "contested" matters we do not consider so much of that order as denied that branch of the defendant's motion which was for reargument. The defendant raised nothing new in this motion; therefore it cannot be characterized as one for renewal. It is well settled that no appeal lies from the denial of reargument and any appeal therefrom would be subject to dismissal (see, e.g., Long Is. Trust Co. v PTI Intl. Corp., 166 AD2d 504). However, so much of the order dated

January 29, 1990, as denied that branch of the defendant's motion which was to vacate her default in appearing at the inquest is reviewable under *James* and *Katz* because the issue of whether she should be relieved of her default was contested.

The defendant has failed to provide a reasonable excuse for her repeated defaults, including her default in answering. Thus, the trial court did not improvidently exercise its discretion in refusing to vacate her defaults *(see,* CPLR 3012 [d]; 5015 [a] [1]; *Chery v Anthony,* 156 AD2d 414, 417; *McCarthy v Chef Italia,* 105 AD2d 992). Further, the defendant has failed to demonstrate the existence of a meritorious defense on the issue of liability.

Nevertheless, and in the exercise of our inherent power to modify any amount awarded on default which is later deemed to be excessive, we reduce the award for counsel fees *(see, Cervino v Konsker,* 91 AD2d 249; *Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907; *New York Annual Conference of United Methodist Church v Preusch,* 51 AD2d 711; *Oppenheim v Melnick,* 34 AD2d 784; *Monette v Bonsall,* 29 AD2d 839). Pursuant to Real Property Law § 234, a tenant has the right to recover reasonable attorneys' fees in actions or summary proceedings arising out of leases of residential property. While a challenge to the plaintiffs' right to recovery of such counsel fees is now foreclosed, the amount of that recovery is clearly excessive in that it represents far more than what the plaintiffs actually paid their attorney. The court permitted a recovery of $59,375, representing an hourly rate of $250. However, counsel billed his clients for 237.15 hours of work at $150 per hour, or $35,572.50. The inequity is apparent, and we will not allow such a result to stand, for to do so would be tantamount to granting the plaintiffs an "open season" at the expense of a defaulting defendant *(Cervino v Konsker, supra,* at 254). Accordingly, the judgment is modified to reflect this reduced amount.

We have examined the remaining contentions advanced by the parties and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.