■ MARY KLISHWICK et al., Respondents, v SARAH POPOVICKI et al., Appellants.—In an action, inter alia, to recover damages for wrongful eviction, the defendants appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated June 1, 1990, which, inter alia, denied their motion to vacate their default in answering and a default judgment entered July 13, 1990, against them in the amount of $1,452,605.

Ordered that the order is modified, on the law and as a matter of discretion, by granting the motion to the extent of vacating the default judgment entered July 13, 1990, and the determination made upon the assessment of damages, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new assessment of damages, made on notice to the defendants.

The defendants failed to make a sufficient showing of a meritorious defense, an indispensable element of an applica-

tion pursuant to CPLR 5015 (a) *(see, e.g., Gray v B.R. Trucking Co.,* 59 NY2d 649; *Christ-Mitch Realty Corp. v Clarkson Realty Corp.,* 122 AD2d 245; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 110 AD2d 742; *Passalacqua v Banat,* 103 AD2d 769). Indeed, on this appeal, the defendants have abandoned the defenses advanced in the Supreme Court, Kings County. They assert a new theory in this Court, that the action is barred by the applicable Statute of Limitations, which we have reviewed solely because "the question presented is one of law which appeared upon the face of the record and which could not have been avoided by the respondents if brought to their attention at the proper juncture" *(Libeson v Copy Realty Corp.,* 167 AD2d 376, 377; *see also, Block v Magee,* 146 AD2d 730, 732). Nevertheless, upon that review we find the defense unavailing.

The plaintiffs vacated their apartment either on June 1, 1987, or July 3, 1987. Of the claims asserted in the complaint, a one-year period of limitations applied to the first, third, and fourth causes of action sounding in intentional tort *(see,* CPLR 215; *Kolomensky v Wiener,* 135 AD2d 505, 507; *Hansen v Petrone,* 124 AD2d 782). Thus, the action had to be commenced on June 1, 1988, or July 3, 1988, at the latest. However, not only is personal service on the defendants on June 1, 1988, undisputed, but the plaintiffs obtained a 60-day toll by filing the summons with the Kings County Clerk on May 23, 1988 *(see,* CPLR 203 [5]). Thus, the action was timely commenced. We also note that the proposed answer of the defendants does not raise the Statute of Limitations as a defense *(see,* CPLR 3211 [e]).

Notwithstanding the foregoing, however, and in the exercise of our inherent power to review any amount awarded on default which we deem excessive *(see, Brosnan v Behette,* 186 AD2d 165 [decided herewith]; *Cervino v Konsker,* 91 AD2d 249; *Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907), we remit the matter to the Supreme Court, Kings County, for another inquest. Without taking any real proof regarding the impact the eviction had on the plaintiffs, the Supreme Court awarded nearly $1,500,000 in damages. An inquest should be more than "open season" at the expense of the defaulting party *(Cervino v Konsker, supra,* at 254). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.