■ GALE McCUE, Respondent, v FRANK BATTAGLIA, Appellant, et al., Defendant. [621 NYS2d 104] —In an action to recover damages, *inter alia,* for breach of contract, the defendant Frank Battaglia appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered November 29, 1993, which, *inter alia,* granted the plaintiff's motion to strike his answer, directed the entry of a default judgment, and imposed sanctions against his counsel.

Ordered that the order is affirmed, with costs.

On July 12, 1993, the Supreme Court issued an order directing the appellant to "serve his responses to all of plaintiff's subject discovery [d]emands within twenty (20) days of the date of service of a copy [of the order]," and to appear, on August 26, 1993, for depositions that "shall continue until concluded." Although the appellant attended the deposition on August 26, 1993, his attorney did not permit him to answer any questions. In addition, the appellant failed to respond to the plaintiff's discovery demands. The plaintiff then moved, *inter alia,* to strike the appellant's answer pursuant to CPLR 3126.

The record before us establishes that the appellant's failure to respond to the plaintiff's demands for discovery and the appellant's refusal to be deposed were willful and contumacious. Since the appellant has offered no reasonable excuse for his disobedient conduct, the Supreme Court acted within its discretion in striking the appellant's answer, in directing the entry of a default judgment, and in imposing sanctions against the appellant's attorney in the amount of $127.50, the cost of the court reporter's bill for services rendered at the deposition *(see,* CPLR 3126; *McDonald v Mid County Tr. Mix,* 174 AD2d 614; *Fucci v Fucci,* 166 AD2d 551; *Preferred Equities Corp. v Ziegelman,* 190 AD2d 659).

The appellant's remaining contentions are without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.