■ VICTOR NEUMAN et al., Respondents-Appellants, v JOSEPH GREENBLATT, Appellant-Respondent. [688 NYS2d 257] —In an action, *inter alia,* to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated March 31, 1998, as denied his motion to vacate an order of the same court dated March 13, 1997, finding him in default for failure to appear, and a judgment of the same court dated May 29, 1997, entered upon his default, except to the extent of vacating so much of the judgment as awarded the plaintiffs the principal sum of $400,000 for punitive damages. The plaintiffs cross-appeal from so much of the order dated March 31, 1998, as vacated the award of punitive damages.

Ordered that the order dated March 31, 1998, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

To be relieved from a default, a party must demonstrate the existence of a reasonable excuse and a meritorious defense (*see, Garkusha v Mutual of Omaha Ins. Co.,* 259 AD2d 466; *Domenikos v Miranda,* 255 AD2d 481; *Chavez v Errico,* 255 AD2d 353). Contrary to the defendant's contentions, his conclusory assertions that he defaulted in his defense of the action because he was burdened by "mental and physical stress" and "financial strain" resulting from his defense of factually-related criminal charges that ultimately led to his conviction and disbarment (*see, Matter of Greenblatt,* 212 AD2d 83), do not constitute a reasonable excuse (*see, Whitney v Stewart,* 175 AD2d 674; *Smith v Fritz,* 148 AD2d 438; *Zolov v Donovan,* 138 AD2d 484; *Burks v Weiss,* 137 AD2d 646; *Smallridge v Macalaster Bicknell Co.,* 134 AD2d 880). Moreover, the defendant failed to demonstrate the existence of a meritorious defense. Thus, the court properly denied the defendant's motion insofar as he sought to vacate his default.

Nevertheless, "[i]t has long been held that courts have inherent power beyond that which is contained in the CPLR * * * to open defaults * * * and where the amount awarded on a default judgment has been perceived as excessive the courts have exercised their inherent power to modify or reduce the amount" (*Cervino v Konsker,* 91 AD2d 249, 253; *see, Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907; *see also, Ladd v Stevenson,* 112 NY 325). Here, the complaint did not state a claim for punitive damages (*see,* CPLR 3215 [b]; *Chew Wah Bing v Sun Wei Assn.,* 191 AD2d 361). Moreover, there is no indication in the record as to what proof, if any, the plaintiffs adduced at the inquest to satisfy their burden of establishing their entitlement to punitive damages (*see, Paulson v Kotsilimbas,* 124 AD2d 513; *see also, Strauss v 926 Park Ave. Corp.,* 184 AD2d 293). An unwarranted and excessive award after inquest will not be sustained, as to do otherwise "would be tantamount to granting the plaintiffs an 'open season' at the expense of a defaulting defendant" (*Brosnan v Behette,* 186 AD2d 165, 167; *see also, Bohlman v Bohlman,* 114 AD2d 832). Under the circumstances at bar, the Supreme Court providently exercised its inherent power by vacating only so much of the default judgment as awarded the plaintiffs the principal sum of $400,000 for punitive damages. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.