■ DANIEL M. WARREN, Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [752 NYS2d 689] —In an action, inter alia, to recover supplementary uninsured motorists benefits, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated July 12, 2001, as denied that branch of its motion which was to vacate a judgment of the same court, entered March 15, 2001, upon its default in answering, which, after an inquest on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $500,000, and granted that branch of its motion which was to reduce the damages award only to the extent of reducing the award to $100,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for the imposition of costs and sanctions, and granted that branch of the defendant's motion which was to reduce the damages award to the extent of reducing the award to $100,000.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which

was to reduce the award only to the extent of reducing the award from the sum of $500,000 to the sum of $100,000, and substituting therefor a provision granting that branch of the motion to the extent of reducing the award from the sum of $500,000 to the sum of $75,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was a passenger in a vehicle which was struck by a "hit-and-run" driver. The host vehicle was insured by Government Employees Insurance Company (hereinafter GEICO). The plaintiff instituted an action to recover supplementary uninsured motorist (hereinafter SUM) benefits against GEICO. Pursuant to that claim, GEICO paid the plaintiff the sum of $25,000. Thereafter, the plaintiff instituted the instant action, seeking SUM benefits against the defendant under the "resident relative" provision of his father's policy. The defendant's insurance policy provided for $100,000 in SUM benefits. Condition 8 of the SUM coverage of the defendant's policy provides, in a form prescribed by the applicable regulation (see 11 NYCRR 60-2.3 [f]): "Priority of Coverage: If an insured is entitled to uninsured motorists coverage or supplementary uninsured * * * motorists coverage under more than one policy, the maximum amount such insured may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy."

The defendant never appeared in the action. Following an inquest, a judgment was entered March 15, 2001, in favor of the plaintiff in the principal sum of $500,000. Subsequently, the defendant moved to vacate the default judgment. The plaintiff cross-moved for the imposition of costs and sanctions. The Supreme Court granted the defendant's motion only to the extent of reducing the amount awarded to the plaintiff from $500,000 to $100,000. The Supreme Court denied the plaintiff's cross motion. We modify.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Neuman v Greenblatt, 260 AD2d 616; Garkusha v Mutual of Omaha Ins. Co., 259 AD2d 466; Domenikos v Miranda, 255 AD2d 481; Chavez v Errico, 255 AD2d 353). Here, the defendant failed to demonstrate a reasonable excuse for its default and the existence of a meritorious defense. Therefore, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the default judgment.

Under the facts of this case, the Supreme Court providently

exercised its inherent power to open the default and reduce the damages awarded to the plaintiff from the principal sum of $500,000 to $100,000 (*see* CPLR 3215 [b]; *Neuman v Greenblatt, supra*; *Cervino v Konsker,* 91 AD2d 249, *Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907). However, the defendant is entitled to an offset of $25,000, the amount previously paid to the plaintiff by GEICO (*see* 11 NYCRR 60-2.3 [f]; *Dudley v Allstate Ins. Co.,* 281 AD2d 941; *Bauso v Allstate Ins. Co.,* 227 AD2d 578). Accordingly, the defendant's obligation under the policy for the plaintiff's SUM benefits claim is $75,000.

The parties' remaining contentions are without merit. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.