■ WESTCHESTER MEDICAL CENTER, Respondent, et al., Plaintiff, v CLARENDON INSURANCE COMPANY, Appellant. [757 NYS2d 765] —In an action to recover no-fault medical payments under three insurance contracts, the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated April 9, 2002, which denied its motion, in effect, to vacate a judgment of the same court, dated December 19, 2002, entered upon its default in opposing that branch of the plaintiffs' prior motion which was for summary judgment on their first cause of action to recover payments for medical services rendered by the plaintiff Westchester Medical Center, and for leave to submit opposition to that branch of the plaintiffs' motion.

Ordered that the order is affirmed, with costs.

CPLR 5015 (a) (1) permits a court to vacate a default on a motion where the moving party shows both a reasonable excuse for its default, and the existence of a meritorious defense (*see Harper v Edwards,* 301 AD2d 627 [2003]; *Associated Mut. Ins. Co. v Kipp's Arcadian II,* 300 AD2d 425 [2002]; *Presbyterian Hosp. in City of N. Y. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299 [2000]; *Gomez v Lotero,* 273 AD2d 198 [2000]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Holt Constr. Corp. v J & R Music World,* 294 AD2d 540 [2002]; *J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co.,* 288 AD2d 187 [2001]; *Ruppell v Hair Plus Beauty,* 288 AD2d 205 [2001]). Contrary to the defendant's contention, the Supreme Court properly determined that it failed to demonstrate a reasonable excuse for its prior attorney's decision not to oppose that branch of the plaintiffs' motion which was for summary judgment on the first cause of action (*see Westchester County Med. Ctr. v Allstate Ins. Co.,* 283 AD2d 488 [2001]). Accordingly, the defendant's motion to vacate the judgment

entered upon its default was properly denied (*see Harper v Edwards, supra*; *J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co., supra*; *Hospital for Joint Diseases v Allstate Ins. Co.,* 283 AD2d 609 [2001]).

Furthermore, although courts have the inherent power to open up a default and modify a judgment where the amount awarded is excessive (*see Warren v Allstate Ins. Co.,* 300 AD2d 577 [2002]; *Neuman v Greenblatt,* 260 AD2d 616 [1999]; *Cervino v Konsker,* 91 AD2d 249, 253 [1983]), the defendant failed to submit evidentiary proof to support its claim that the judgment awarded on the first cause of action exceeded the amount contracted for in the subject insurance policy. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.