■ GHULAM BAJWA, Respondent, v SAIDA, INC., Appellant. [774 NYS2d 427]—

In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Spodek, J.), entered September 12, 2002, which, upon an order of the same court (Steinhardt, J.), dated July 3, 2001, granting the plaintiff's motion for leave to enter judgment on the issue of liability upon the defendant's default in appearing and answering, and upon a further order of the same court (Steinhardt, J.), dated March 5, 2002, denying its motion, inter alia, pursuant to CPLR 317 to vacate its default in appearing and answering, and after an inquest on damages, is in favor of the plaintiff and against it in the principal sum of $1,175,000, and (2) an order of the same court (Spodek, J.), dated May 1, 2003, which denied its motion to vacate the judgment pursuant to CPLR 5015 (a) (3).

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff the principal sum of $1,175,000 and substituting therefor provisions awarding the plaintiff the principal sum of $700,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

In this personal injury action, the defendant failed to timely serve an answer, and the plaintiff successfully moved for leave to enter judgment against the defendant on the issue of liability upon the defendant's default in appearing and answering. The defendant subsequently moved to vacate its default, and the Supreme Court denied the motion.

Initially, we reject the defendant's contention that the Supreme Court erred in denying its motion to vacate its default pursuant to CPLR 317, since the defendant failed to make the requisite showing for relief under that provision (*see Green Point Sav. Bank v 794 Utica Ave. Realty Corp.*, 242 AD2d 602 [1997]; *cf. Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]; *Ford v 536 E. 5th St. Equities*, 304 AD2d 615 [2003]).

The evidence presented at the inquest established, inter alia, that the plaintiff underwent an internal fixation open reduction

procedure for a spiral fracture of the midshaft of the left tibia and neck of the proximal fibula, and that the surgical hardware remained in the plaintiff's leg at the time of the inquest. The defendant did not object to the evidence admitted at the inquest and did not present any evidence during that proceeding.

More than four months following the entry of judgment, the defendant moved to vacate the judgment pursuant to CPLR 5015 (a) (3). The Supreme Court denied the motion.

On appeal, the defendant has abandoned its argument that the judgment should have been set aside pursuant to CPLR 5015 (a) (3), and argues for the first time that the judgment should have been set aside based upon newly-discovered evidence, pursuant to CPLR 5015 (a) (2). This argument is unpreserved for appellate review since the defendant did not address that issue in its motion before the Supreme Court (*see* CPLR 5501 [a] [3]). In any event, the contention is without merit (*see Corpuel v Galasso,* 240 AD2d 531, 533 [1997]; *Structural Concrete Corp. v Campbell Assoc. Corp.,* 224 AD2d 516 [1996]).

However, under the circumstances, the award of damages is excessive since it deviates materially from what would be reasonable compensation for the plaintiff's injuries (*see Holland v Gaden,* 260 AD2d 604 [1999]), and we reduce the award to the principal sum of $700,000 pursuant to this Court's inherent power to set aside excessive awards made upon default (*see Neuman v Greenblatt,* 260 AD2d 616, 617 [1999]; *Brosnan v Behette,* 186 AD2d 165, 167 [1992]; *Cervino v Konsker,* 91 AD2d 249, 253-254 [1983]). "An unwarranted and excessive award after inquest will not be sustained, as to do otherwise 'would be tantamount to granting the plaintiffs an "open season" at the expense of a defaulting defendant' " (*Neuman v Greenblatt, supra* at 617, quoting *Brosnan v Behette, supra* at 167). Accordingly, the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.