DANIEL GUARIGLIA, Individually and as Administrator of the Estate of COURTNEY GUARIGLIA, Deceased, Respondent, v PRICE CHOPPER OPERATING COMPANY, INC., et al., Defendants, and WILLIAM J. SCHADY III, Appellant. [787 NYS2d 451]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 2, 2004 in Schenectady County, which denied defendant William J. Schady III's motion to vacate a default judgment entered against him.

On January 22, 1995, defendant William J. Schady III (hereinafter defendant), a licensed pharmacist employed by defendant Price Chopper Operating Company, Inc., arrived at the home of decedent, a two-year-old child, and her mother. It is undisputed that defendant left a duffle bag, containing an unsecured vial with valium and codeine therein, in a place where it was accessible to the child. During the evening, decedent ingested the drugs and, thereafter, died. In October 1997, defendant pleaded guilty to criminally negligent homicide.

In September 1998, plaintiff, decedent's father, commenced this action for wrongful death, negligence and malpractice against Price Chopper, defendant Golub Corporation and defendant. The record indicates that on September 14, 1998 a summons and complaint was served on "Diane Mingler, co-resident" at defendant's home in New Jersey and another copy was mailed to that address. Thereafter, defendant's attorney drafted a letter, dated April 1, 1999, to an unnamed "manager" of a Price Chopper in the Town of Middletown, Delaware County, which expressed defendant's belief that Price Chopper was required to defend him in the lawsuit despite a claim that defendant was not "lawfully served with process." In addition, the letter indicated that defendant was trusting the Price Chopper manager to "forward this letter to the appropriate corporate authorities if you are not indeed the appropriate person to take action." The letter ended by stating that "unless we hear from you to the contrary, we will assume that Price Choppers [sic] has assumed the responsibility for defending and indemnifying [defendant], and we need do nothing further." Defendant failed to appear in this action. In an October 1999 order of Supreme Court, plaintiff's July 1999 motion for a default judgment was granted. The court ordered an inquest for the assessment of damages and directed that notice to defendant was not required. Following the inquest, the court issued a June 2000 decision awarding plaintiff $75,000 in compensatory damages, $250,000 for conscious pain and suffering and $1,000,000 in punitive damages. In November 2003, defendant unsuccessfully moved to vacate the default judgment, resulting in this appeal.

Initially, we find that Supreme Court properly denied defendant's motion to vacate the default judgment as to liability. In order to be relieved of a judgment because of "excusable default," the movant must provide the court with a reasonable excuse for defaulting and a meritorious defense (see CPLR 5015 [a]; Select Papers v College Promotions, 241 AD2d 675, 675 [1997], lv dismissed 91 NY2d 956 [1998]; Pagano v U.W. Marx, Inc., 223 AD2d 817, 818 [1996]). With respect to reasonable excuse, defendant maintains that his default should be excused due to his mistaken reliance on the letter to the unnamed Price Chopper manager, as sufficient to protect his interests.* Notably, aside from the letter, the record is completely devoid of any further steps by defendant that would establish diligence in

---

* To the extent that defendant's arguments in his brief can be construed as a continuation of his prior allegation that he was not properly served with the summons and complaint, we find no basis to disturb Supreme Court's finding that he was properly served (see CPLR 308 [2]).

properly appearing in this matter. Defendant's inaction evidences a " 'serious lack of concerned attention to the progress of this action' " (*Fishman v Beach*, 246 AD2d 779, 780 [1998], quoting *Lauro v Cronin*, 184 AD2d 837, 839 [1992]; *see Stoltz v Playquest Theater Co.*, 257 AD2d 758, 759 [1999]; *Citicorp Mtge. v Rodelli*, 249 AD2d 736, 738 [1998]). Under all the circumstances, we agree with Supreme Court that defendant did not present a reasonable excuse for his default. In light of that conclusion, it is not necessary to detail our reasons for also concluding that defendant failed to present sufficient proof establishing a meritorious defense.

Turning to the issue of damages, we note that defendant does not allege that it was error for him not to receive notice of the inquest. Instead, he contends that the awards, particularly the punitive damages amount, are unduly excessive. Significantly, defendant failed to raise that issue before Supreme Court (*see Stoltz v Playquest Theater Co., supra* at 759) and the record does not include the particulars of the proof at the inquest. Therefore, the issue was not properly preserved for our review.

Nevertheless, defendant has requested that we review the matter in the interest of justice and, in doing so, we note that courts have inherent power to review issues addressed to the excessiveness or appropriateness of awards granted upon default (*see e.g. Neuman v Greenblatt*, 260 AD2d 616, 617 [1999]). Here, in awarding punitive damages, Supreme Court specifically found that defendant "has shown absolutely no remorse, and has taken no responsibility for his actions in this matter." While the court's statements and the punitive damage award amount may well be appropriate, upon review of defendant's arguments on appeal and the statements made in his plea allocution, we conclude that, under the particular circumstances herein, remittal for a new inquest solely on the issue of punitive damages, with notice to defendant, is appropriate so as to accord defendant an opportunity to submit proof, if any, in mitigation (*see id.* at 617; *see generally Cervino v Konsker*, 91 AD2d 249, 254 [1983], *appeal dismissed* 59 NY2d 761 [1983]; *see also Moore v Copiers, Inc.*, 237 AD2d 585, 586 [1997], *lv denied* 92 NY2d 802 [1998]).

The remaining arguments raised by defendant, including his claim that Supreme Court lacked the authority to assess wrongful death and punitive damages in the absence of a jury (*see* CPLR 3215 [b]), have been examined and found to be unpersuasive.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without

costs, by reversing so much thereof as awarded punitive damages; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.