Loeffler v Glasgow (2019 NY Slip Op 01401)





Loeffler v Glasgow


2019 NY Slip Op 01401


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-12690
2016-12691
 (Index No. 28278/09)

[*1]Lawrence Loeffler, appellant, 
v
Charles Glasgow, et al., respondents, et al., defendant.


Law Offices of T.A. Agoglia, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Bryan J. Swerling, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated September 21, 2016, and (2) an order of the same court dated October 5, 2016. The order dated September 21, 2016, insofar as appealed from, granted the motion by the defendants Charles Glasgow and Debra Brown, inter alia, to vacate so much of a judgment of the same court entered November 8, 2013, as, in effect, upon their default, is in favor of the plaintiff and against them, to the extent of staying enforcement of any judgments and any settlement agreements entered in this action, and directing that certain discovery take place, including the exchange of medical authorizations and depositions of the parties. The order dated October 5, 2016, amended the first order by restoring the action to active status and vacating any previously filed notes of issue.
ORDERED that the order dated September 21, 2016, is modified, on the law and the facts, by adding a provision thereto stating that the issues to be determined in the subsequent proceedings in this action are limited to the issue of damages; as so modified, the order dated September 21, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated October 15, 2016, is affirmed, without costs or disbursements; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Kings County, for a full evidentiary hearing on the issue of damages, a new determination thereafter of the appropriate measure of damages, and the entry of an appropriate amended judgment.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him from a dog bite at premises owned by the defendant Debra Brown. Brown's husband, the defendant Charles Glasgow, was at the premises when the plaintiff was bitten and identified himself to the plaintiff as the landlord of the subject premises. Brown submitted an answer, but Glasgow defaulted in appearing and answering in the action. Thereafter, Brown defaulted in appearing at preliminary conferences. After an inquest, a default judgment was entered [*2]against the defendants in the principal sum of $500,000, consisting of $200,000 for past pain and suffering, and $300,000 for future pain and suffering. On June 2, 2016, Glasgow and Brown moved, inter alia, to vacate the default judgment after receiving notice of a Sheriff's sale of the premises. Brown contended she never received any documents in this action after the summons and complaint, and Glasgow contended he never received any documents related to this matter, and first learned about it after Brown informed him of the Sheriff's sale. The Supreme Court granted the motion, inter alia, to the extent of staying enforcement of the default judgment and directing that certain discovery take place, including the exchange of medical authorizations and depositions of the parties. The plaintiff appeals.
Here, to the extent that Glasgow and Brown sought relief pursuant to CPLR 5015(a)(1) based upon an excusable default, the motion was untimely because it was not made within one year after service upon them of a copy of the judgment with notice of entry (see CPLR 5015[a][1]; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893; Yung Chong Ho v Uppal, 130 AD3d 811). Further, the interests of substantial justice did not warrant vacating the default judgment insofar as asserted against Glasgow and Brown. The default judgment is based upon a finding of liability (see Yung Chong Ho v Uppal, 130 AD3d 811), there is no evidence rebutting the presumption of proper service upon Glasgow, and Glasgow and Brown failed to proffer a reasonable excuse for their defaults (see Bank of Am., N.A. v Agarwal, 150 AD3d 651).
However, a court has the "inherent power to set aside excessive awards made upon default," despite the fact that there is no reasonable excuse for the default (Bajwa v Saida, Inc., 6 AD3d 471, 473). "An unwarranted and excessive award after inquest will not be sustained, as to do otherwise would be tantamount to granting the plaintiffs an "open season" at the expense of a defaulting defendant'" (Neuman v Greenblatt, 260 AD2d 616, 617, quoting Brosnan v Behette, 186 AD2d 165, 167; see Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232; Warren v Allstate Ins. Co., 300 AD2d 577). In light of the evidence in the record, including the plaintiff's testimony at the inquest, which was not supported by any expert testimony, and a police report of the incident which stated that the plaintiff suffered "minor injuries from an animal bite," there are significant questions as to whether the award of the principal sum of $500,000, consisting of $200,000 for past pain and suffering and $300,000 for future pain and suffering, was excessive. Thus, we agree with the Supreme Court's determination to stay enforcement of the default judgment and the settlement agreements based upon that judgment, and to direct further discovery. However, the court also should have stated in its order dated September 21, 2016, that the issues to be determined on the motion to stay enforcement of the default judgment are limited to the issue of damages.
Accordingly, we remit the matter to the Supreme Court, Kings County, for a full evidentiary hearing on the issue of damages, a new determination thereafter of the appropriate measure of damages, and the entry of an appropriate amended judgment.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court