■ JOSEPH F. WITTEMEYER et al., Appellants, v. LOUIS MARTIN, Respondent.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered October 11, 1968, in Montgomery County, which denied plaintiffs' motion for an order setting aside the judgment of no cause of action, entered herein on October 11, 1967, and for a new trial on the grounds of misconduct, newly discovered evidence and, in the interests of justice. The plaintiff Barbara Wittemeyer was injured shortly after 9:00 A.M. on December 29, 1964, when she fell upon the sidewalk in front of and adjacent to the building owned by the defendant, Louis Martin. Thereafter, the plaintiffs brought this action to recover money damages for such injuries, for loss of services, and medical expenses. At the trial the plaintiff Barbara Wittemeyer testified that she slipped on a patch of ice which was covered by light snow. The plaintiffs contended that the patch of snow covered ice upon which she slipped and fell came from an accumulation of snow on a roof overhanging the sidewalk which melted by reason of the heat from the interior of the building, and leaked through the roof to the sidewalk where it froze. They further contended that the defendant Martin was negligent in allowing the roof to fall into disrepair and in failing to repair the roof. At the end of the trial the jury returned a verdict of no cause of action, and the plaintiffs' motion to set the verdict aside was denied. On this motion made on August 12, 1968, the plaintiffs contend that a witness falsely testified that on the morning of the accident a light freezing rain had fallen at about eight o'clock, and it was raining slightly at the time of the accident, and that the defendant Martin falsely testified that he had no trouble with the roof, and that he had a roofing contractor put on a coating every two years. Several months after the trial, the plaintiffs obtained weather reports indicating that there was no freezing rain in the area on that morning in question, and later obtained an affidavit from an officer of the roofing concern to the effect that the only transaction the company had with the defendant prior to October 11, 1967 was on December 14, 1954. The plaintiffs assert that this new evidence entitles them to a new trial. CPLR 5015 authorizes the court, which rendered a judgment, to relieve a party from the judgment upon the ground of "newly discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404". CPLR 4405 provides that a motion for a new trial "shall be made before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury." The evidence with regard to the repairs to the roof could have been obtained by a simple inquiry immediately after the trial. Further, plaintiffs' expert witness

testified that the roof had been in disrepair for a period of at least five years and, in the face of this contradictory evidence, the plaintiffs did not move for an adjournment for the purpose of establishing the facts through an officer of the roofing company, or attempt to obtain this evidence within the time limitations of CPLR 4405. The weather reports, although obtained subsequent to the trial, were available prior to the trial and plaintiffs had more than adequate time to obtain the same, the accident having occurred on December 29, 1964, and the trial having been held on October 9, 1967. Since the motion for a new trial on the grounds of newly discovered evidence is directed to the discretion of the trial court, we cannot say that the denial of the motion amounted to an abuse of discretion. (*Knapp* v. *Gougoen,* 24 A D 2d 911; *Buckman* v. *Perry's Taxi,* 24 A D 2d 913.) Order affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.