■ JACQUELINE BURKS, Appellant, v PAUL WEISS, Respondent.—In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 19, 1987, which granted the defendant's motion to vacate a default judgment.

Ordered that the order is reversed, with costs, and the motion is denied.

The Supreme Court's granting of the motion to vacate the default judgment was an improvident exercise of discretion. The defendant sought to excuse his approximately 10-month delay in answering by asserting that he was mentally impaired and did not understand the significance of the summons and complaint which were personally served upon him on April 9, 1986. In support of his excuse, the defendant submitted a letter from a social work psychotherapist stating that when the defendant came to him for counseling on October 9, 1986, he was suffering from "clinical depression" which is characterized by a "diminished ability to think, concentrate or make decisions". However, the psychotherapist did not state an opinion as to how long the defendant had been suffering from depression. The defendant's claimed lack of understanding is undermined by other uncontroverted facts which indicate that his default was willful.

The plaintiff alleged that upon receipt of the summons and complaint, the defendant called the plaintiff and threatened to kill her if she did not discontinue the action. This was unrefuted by the defendant. Furthermore, upon receipt of a letter from the plaintiff's attorney, the defendant again called the plaintiff who advised the defendant to consult his attorney. Clearly, the defendant knew that the document was significant and was capable of making inquiries concerning its ramifications. Finally, in September 1986, shortly before the default judgment was entered, an attorney who represented the defendant on other matters called the plaintiff's attorney and asked whether he could submit an answer to the complaint. Although the plaintiff's attorney refused the request, it is apparent that at this point the defendant had received legal advice concerning his situation; yet he did not move to vacate the default until approximately five months later. In view of these facts, the defendant failed to demonstrate that his default was not willful *(see, Kirkman/3hree, Inc. v Priority*

*AMC/Jeep,* 94 AD2d 870). In sum, the defendant's proffered excuse failed to explain a substantial period of the delay *(see, Chochla v Oak Beach Inn Corp.,* 115 AD2d 584, 585).

Accordingly, the default was not excusable (CPLR 5015 [a]), and the motion to vacate should have been denied. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.