■ SUSAN ZOLOV, Appellant, v JOHN V. DONOVAN, Respondent, et al., Defendant.—In an action to recover damages for dental malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated June 19, 1987, as granted the defendant Dr. John Donovan's motion to vacate his default in answering the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant Dr. Donovan's motion to vacate his default in answering is denied.

The record indicates that even though properly served, Dr.

Donovan neglected to answer the amended complaint and failed to answer two subsequent motions by the plaintiff for leave to enter a default judgment. In addition, Dr. Donovan ignored certified mail sent to him by the plaintiff advising him of the service of process and that a motion for leave to enter a default judgment was pending. This repeated neglect of legal process, which took place over a time span of more than a year, was based solely on Dr. Donovan's unsubstantiated claim that the plaintiff's action caused him "severe emotional and psychological problems". Under these circumstances, the granting of Dr. Donovan's motion to vacate his default in answering constituted an abuse of discretion as a matter of law (see, Burks v Weiss, 137 AD2d 646; De Leo v Bertucci, 98 AD2d 708; Amity Plumbing & Heating Supply Corp. v Zito Plumbing & Heating Corp., 110 AD2d 863; Zaldua v Metropolitan Suburban Bus Auth., 97 AD2d 842). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.