■ KEVIN SMITH et al., Respondents, v MARY A. FRITZ et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 1, 1987, as granted that branch of the plaintiffs' motion which was to vacate the plaintiffs' default in pleading.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the plaintiffs' motion which was to vacate their default is denied, and the complaint is dismissed.

The plaintiffs claim to have been injured on July 1, 1977, when the motorcycle on which they were riding was hit by a motor vehicle owned by the defendant Mary A. Fritz and operated by the defendant Maura K. Fritz.

On or about June 10, 1980, the plaintiffs' original attorney commenced this action by service of a summons and complaint. The defendants served a verified answer and demand for a bill of particulars on or about July 16, 1980. No bill of

particulars was served and defendants' subsequent motion for preclusion was conditionally granted by order dated September 10, 1984, unless the plaintiffs served such bill of particulars within 30 days.

No bill of particulars was served within the designated time period and the defendants' second motion for preclusion was granted without opposition by order dated July 12, 1985. Based upon such preclusion, the defendants' third motion, for summary judgment dismissing the complaint, was granted by order dated October 17, 1985.

The plaintiffs moved to vacate their defaults based upon, *inter alia,* the law office failure of their original attorney. An affirmation by such attorney alleged that a series of medical, family and emotional problems prevented him from opposing the defendants' motions.

We find that vacatur of the plaintiffs' defaults was not warranted as the plaintiffs did not meet their burden of showing a reasonable excuse for their defaults (CPLR 2005; *Mineroff v Macy's & Co.,* 97 AD2d 535). There was no opinion by a physician indicating to what extent the alleged medical problems or drugs prescribed may have affected the plaintiffs' original attorney and his ability to function as an attorney *(see, Burks v Weiss,* 137 AD2d 646; *Smallridge v Macalaster Bicknell Co.,* 134 AD2d 880; *cf., Norowitz v Ponconco, Inc.,* 96 AD2d 581). Further, uncontroverted statements indicate that original counsel was aware of the need to serve a bill of particulars and the significance of the three motions which resulted in the preclusion orders and the order granting summary judgment dismissing the complaint *(see, Burks v Weiss, supra).* Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.