■ Margaret Tortorello, Appellant, v Richard Tortorello, Defendant. Carlin & Newton, Nonparty Respondent. —In a matrimonial action, in which the parties were divorced by an amended judgment dated April 8, 1986, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sacks, J.H.O.), dated December 5, 1988, which denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of the same court, entered May 10, 1988, upon her default.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to vacate the default judgment entered May 10, 1988, is granted, and the matter is remitted for a hearing to determine anew the amount of the respondent Carlin & Newton's charging lien.

On March 25, 1987, this court granted the plaintiff's motion for permission to substitute new counsel for the law firm which had theretofore been representing her, the respondent Carlin & Newton, and directed an immediate hearing to fix the amount of the firm's charging lien. After numerous adjournments and settlement conferences, the hearing was finally commenced on April 28, 1988, before Judicial Hearing Officer Lester Sacks. Prior to the taking of testimony on the introduction of evidence, however, the plaintiff's counsel indicated that his client refused to proceed with the hearing on that day, that she had left the courthouse, and that before leaving, she had withdrawn his authority to further represent her. Judicial Hearing Officer Sacks refused to grant any further adjournments, and the hearing proceeded in the absence of the plaintiff and her representative. Based, *inter alia,* upon the retainer agreement between the parties and an affidavit of services and supporting time records, the respondent law firm requested judgment in its favor in the principal sum of $69,266. The Judicial Hearing Officer acceded to that request, and a default judgment in favor of the respondent law firm and against the plaintiff was subsequently entered.

Shortly thereafter, the plaintiff moved to vacate the judgment, alleging, *inter alia,* that her default was excusable (CPLR 5015 [a] [1]) and, alternatively, that the judgment was obtained by fraud, misrepresentation or other misconduct (CPLR 5015 [a] [3]). Judicial Hearing Officer Sacks denied the plaintiff's motion in its entirety, and this appeal ensued.

Initially, we find that the hearing court correctly concluded that vacatur of the default judgment based upon the existence of an excusable default was not appropriate *(see,* CPLR 5015 [a] [1]). While the plaintiff may arguably have established a

meritorious defense, she has totally failed in her attempt to proffer a reasonable excuse for her default *(see, Smith v Fritz,* 148 AD2d 438; *Burks v Weiss,* 137 AD2d 646; *Smallridge v Macalaster Bicknell Co.,* 134 AD2d 880).

However, the hearing court should have vacated the judgment pursuant to CPLR 5015 (a) (3). That provision authorizes the court to relieve an aggrieved party from a judgment upon the ground of "fraud, misrepresentation or other misconduct of an adverse party" *(see, Oppenheimer v Westcott,* 47 NY2d 595, 602). The misconduct present here occurred when the respondent law firm failed to appraise the hearing court of the existence of a modified retainer agreement in which the law firm agreed to accept an hourly fee which was substantially lower than the fee agreed upon pursuant to the original retainer agreement. The law firm's belief that it was no longer bound by the modified agreement because the plaintiff had breached it does not serve to excuse the law firm's failure to bring its existence to the attention of the hearing court. Given that the hearing court's determination was apparently influenced to a great degree by the fee arrangement in the original retainer agreement, vacatur of the default judgment is warranted.

We have examined the plaintiff's contention regarding the propriety of the order of reference *(see,* CPLR 4317 [b]) and find it to be without merit. Mangano, P. J., Brown and Harwood, JJ., concur.

Kooper, J., concurs in the result, with the following memorandum: Although I concur fully in the court's substantive holding with respect to vacatur of the default judgment, I must comment upon the unprofessional, and in my view, biased manner in which the respondent law firm has chosen to refer to the appellant Margaret Tortorello. Uniformly, and by my calculation in over 104 separate instances, the respondent firm's brief refers to the firm's former client in a patronizing fashion as "Margaret". Counsel for appellant has accurately characterized this manner of reference as "demeaning" and "sexist". A review of the respondent's brief discloses that this patronizing appellation is reserved solely for the firm's female adversary and is nowhere similarly employed when reference is made to men. While the respondent law firm is entitled to zealously advance its legal contentions, the use of familiar terminology which conveys a bias premised on gender has no place in a responsible appellate argument *(see,* Unified Ct Sys, Off of Ct Admin, Report of NY Task Force on Women in Cts, at 210-233 [Mar. 31, 1986]).