■ Patricia A. Gray, Respondent, v Paul Pashkow, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 6, 1990 in Sullivan County, which granted plaintiff's motion for, *inter alia,* a protective order.

In 1966, plaintiff and defendant executed a separation

agreement, subsequently incorporated into the parties' foreign divorce decree, by the terms of which defendant obligated himself to pay all maintenance, education, medical and dental costs for the parties' son, who was born with learning and other disabilities. Claiming that defendant failed to meet this financial obligation, plaintiff instituted an action in 1989 to recover the amounts she purportedly expended supporting her son since 1983. After answering, defendant, utilizing a demand for a bill of particulars and various disclosure techniques, sought, among other things, information regarding plaintiff's income tax returns for the years 1983 through 1988. Supreme Court summarily granted plaintiff's request for a protective order; defendant appeals.

At issue is whether Supreme Court properly denied disclosure of plaintiff's income tax returns and information contained therein for the years involved. We affirm.

Defendant failed to make the requisite showing that the returns were relevant to any defense he might assert for his asserted breach of the separation agreement (see, *Matthews Indus. Piping Co. v Mobil Oil Corp.*, 114 AD2d 772; *O'Grady v Burr*, 2 AD2d 712, 713). Defendant requested plaintiff's tax information because he believed plaintiff deducted the expenses she had incurred for their son's care (those same expenses for which she seeks reimbursement from defendant). Whether these payments were in fact deducted, however, is irrelevant to defendant's liability, which hinges on whether he breached the parties' agreement.

Generally, damages are computed as of the time the contract is breached (*Rodriguez & Co. v Moore-McCormack Lines*, 32 NY2d 425, 429; *Orange & Rockland Utils. v New England Petroleum Corp.*, 60 AD2d 233, 235). Any subsequent collateral recovery supplied by a source other than the transgressor does not alter the amount of the breaching party's obligation (36 NY Jur 2d, Damages, § 128, at 220). Thus, any tax deductions accruing to plaintiff would not reduce defendant's liability (*cf., Randall v Loftsgaarden*, 478 US 647, 660).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.