■ GORMAN, NAIM AND MUSA, M.D., P. C., et al., Respondents, v ABJ FIRE PROTECTION, INC., Respondent, and NIAGARA MOHAWK POWER CORPORATION, Appellant, et al., Third-Party Plaintiff, et al., Third-Party Defendants. (Action No. 1.) NORSTAR BANK OF UPSTATE NEW YORK et al., Plaintiffs, v NIAGARA MOHAWK POWER CORPORATION et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants. (Action No. 2.) (Appeal No. 2.) [601 NYS2d 729] —Order unanimously affirmed with costs. Memorandum: On February 4, 1984, a water pipe ruptured in the basement vault area of the Grange Building in Syracuse. In separate actions, commenced by the owners of the Grange Building and of an adjacent building, Niagara Mohawk Power Corporation (Niagara Mohawk) was named a defendant on the theory that work that it had done in the vault area had compromised the integrity of the water pipe system, which was connected to a sprinkler system installed by ABJ Fire Protection, Inc. (ABJ), a codefendant in the action brought by the owners of the Grange Building (action No. 1). In March 1989, the complaint and ABJ's cross claim against Niagara Mohawk in action No. 1 were dismissed upon Niagara Mohawk's summary judgment motion. Niagara Mohawk remained a defendant in the action brought by the owners of the adjacent building (action No. 2).

After the actions had been consolidated, disclosure in action No. 2 revealed that, contrary to its prior representations, Niagara Mohawk had participated in a construction project in the vault area in the fall and winter of 1982, a project that included installation of the sprinkler system. ABJ, supported by the owners of the Grange Building, moved to vacate the March 1989 order and to reinstate the complaint and cross claim in action No. 1 against Niagara Mohawk upon the grounds of newly discovered evidence and misrepresentation. Although the court did not state the basis of its decision, the decision may be upheld on either of the grounds presented.

Pursuant to CPLR 5015 (a) (2), a court has the discretion to set aside its prior order on the ground of newly discovered evidence if it is shown that the new evidence probably would have changed the earlier determination and that, although the new evidence existed at the time of the order, it was not then available despite due diligence (see, Matter of Commercial Structures v City of Syracuse, 97 AD2d 965, 966; Mully v Drayn, 51 AD2d 660; see also, Wittemeyer v Martin, 32 AD2d 597). ABJ established that, had Niagara Mohawk's work in 1982 been disclosed, the factual issues created with respect to when Niagara Mohawk performed the work and whether that work interfered with the integrity of the sprinkler pipes would have defeated Niagara Mohawk's summary judgment motion.

Pursuant to CPLR 5015 (a) (3), a court also has the discretion to vacate its prior order upon a showing of "misrepresentation, or other misconduct" (see, Shaw v Shaw, 97 AD2d 403; Marine Midland Bank v Hall, 74 AD2d 729; see also, Oppenheimer v Westcott, 47 NY2d 595, 604; Fidelity N. Y. v Hanover Cos., 162 AD2d 582; see generally, Averill v Averill, 129 AD2d 603, 604). Although disclosure of its activity was requested only for the years 1983 and 1984, Niagara Mohawk was less than candid when it represented in its summary judgment motion that it could find no proof that it had performed work in the vault area on or before February 4, 1984, when the sprinkler pipes broke, leading ABJ and the owners of the Grange Building to discontinue further investigation and to consent to the discontinuance and dismissal of the complaint and cross claim against Niagara Mohawk. That was sufficient to constitute misrepresentation under CPLR 5015 (a) (3). Inasmuch as Niagara Mohawk remains a party in action No. 2, it is not prejudiced by the reinstatement of the complaint and cross claims in action No. 1. (Appeal from Order of Supreme

Court, Onondaga County, Reagan, J.—Vacate Prior Order.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.