■ JANA BIRSETT, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant. [641 NYS2d 451] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered May 30, 1995 in Albany County, which granted plaintiff's motion for summary judgment.

On December 11, 1988, a motor vehicle owned by plaintiff and driven by her spouse was involved in an accident in the Town of Corinth, Saratoga County. As a result, Lisa Moses, who was a passenger in plaintiff's vehicle at the time of the accident, was injured. Moses subsequently commenced a personal injury action against plaintiff. Plaintiff contends that her car was covered at the time of the accident by an insurance policy issued by defendant. Despite its receipt of notice regarding Moses' action against plaintiff, defendant failed to defend or appear in the action on plaintiff's behalf. Moses subsequently obtained a default judgment against plaintiff of $75,000.

Moses thereafter commenced an action against defendant, as plaintiff's alleged insurance carrier, for payment of the unsatisfied judgment. Defendant remitted to Moses the sum of $12,243.84, representing the $10,000 limit of plaintiff's insurance policy, plus interest. In July 1994 plaintiff commenced this action, alleging that defendant had breached its insurance contract with her by failing to defend and indemnify her against Moses' personal injury suit. Supreme Court granted plaintiff's subsequent motion for summary judgment in the amount of $75,000. Defendant appeals.

We agree with Supreme Court's finding that defendant failed to establish the existence of a triable issue of fact. Defendant submitted an attorney's affirmation asserting that the policy covering plaintiff's car had been canceled five days prior to the accident. This is, however, insufficient to raise an issue of fact regarding defendant's liability as the record contains nothing to indicate that defendant had made an effort to cancel plaintiff's policy in compliance with the strict requirements of the Vehicle and Traffic Law (*see*, Vehicle and Traffic Law § 313; *see also*, *Ficarro v AARP, Inc.*, 205 AD2d 955, 956).

Defendant objects to the amount of Supreme Court's judg-

ment in favor of plaintiff, i.e., $75,000, representing the amount of the default judgment entered against plaintiff by Moses. While it has been held that an insurer will not be held liable beyond the policy's limits in the absence of a showing that the insurer was guilty of more than being "wrong" regarding its obligations under the policy (*see, Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 431, *cert denied* 410 US 931), the record supports a finding that defendant was sufficiently heedless of its obligations to plaintiff to justify an award in excess of the policy's coverage terms. The sum of $75,000 should, however, be reduced by $10,000, representing the amount already remitted to Moses by defendant.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reducing the amount of the judgment entered against defendant to $65,000 plus interest, and, as so modified, affirmed.