■ JANA BIRSETT, Appellant, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Respondent. [659 NYS2d 924] —Mikoll, J. P. Appeal from an order of the Supreme Court (Graffeo, J.), entered January 13, 1997 in Albany County, which granted defendant's motion to vacate a prior judgment entered against it.

This litigation arose in the following manner. On December 11, 1988 plaintiff's husband was involved in a motor vehicle accident while operating an automobile owned by plaintiff. Lisa Moses, a passenger in plaintiff's car, sustained personal injury and thereafter commenced an action to recover for her injuries against plaintiff. Defendant, plaintiff's alleged insurance carrier, refused to defend plaintiff claiming that the policy had expired for nonpayment of premium prior to the accident. Moses thereafter obtained a default judgment against plaintiff in the sum of $75,000.

Moses commenced an action against defendant seeking payment of the unsatisfied judgment. Defendant paid Moses $10,000 plus $2,243.84 in interest and obtained a release from Moses for that amount in July 1993. On November 15, 1993 a stipulation of settlement was entered into fully releasing plaintiff from the $75,000 judgment. On January 12, 1994 a satisfaction of the $75,000 judgment, executed by Moses, was filed in the Franklin County Clerk's office.

Plaintiff then attempted to negotiate a settlement of her claim against defendant for its refusal to defend her. Plaintiff advised defendant that the litigation between plaintiff and Moses had been resolved but gave no indication that plaintiff had satisfied the $75,000 judgment for $12,000. In July 1994 plaintiff commenced an action against defendant, stating in her verified complaint that as a result of defendant's failure to defend her a judgment for $75,000 had been entered against

her, that she had incurred additional legal and other expense and demanded judgment in the sum of $125,000. Plaintiff also mentioned the $75,000 judgment in her subsequent summary judgment motion and in a memorandum to Supreme Court.

Supreme Court granted summary judgment in plaintiff's favor for $75,000 plus costs and interest. This Court modified the judgment by reducing it by the $10,000 that defendant already paid Moses on the "unsatisfied" judgment to $65,000 (226 AD2d 1027, *lv dismissed* 88 NY2d 1005). After the judgment was entered, defendant discovered that plaintiff had settled with Moses and thereupon moved for an order vacating the judgment because of plaintiff's fraud, misrepresentation and misconduct. Defendant did not seek disclosure of any settlement from plaintiff nor did it search court records prior to the entry of the $75,000 judgment.

Supreme Court, in granting defendant's motion to vacate the judgment, concluded that although plaintiff became legally obligated to pay $75,000 pursuant to the judgment, she was no longer legally obligated to pay that amount at the time she commenced her lawsuit against defendant, that defendant unreasonably refused to defend and indemnify plaintiff and was liable for the amount of the settlement plus counsel fees as damages due to its breach of the policy. Supreme Court further opined that plaintiff clearly misrepresented the facts both to Supreme Court and to this Court, noting that plaintiff's counsel submitted carefully crafted papers to avoid making any false statements but plainly induced the court to believe that she was still liable for the outstanding judgment and therefore entitled to $75,000. The court also concluded that the facts misrepresented were material facts within the purview of CPLR 5015 (a) (3), thereby requiring vacatur of the judgment. Supreme Court also opined that "had the settlement been disclosed to Supreme Court and the Appellate Division, summary judgment would not have been granted nor affirmed in the amount awarded". Accordingly, Supreme Court reduced the judgment to $12,000 plus interest and counsel fees, and this appeal ensued.

The order of Supreme Court granting defendant's motion to vacate the prior judgment should be affirmed. Supreme Court did not abuse its discretion in vacating the prior judgment.

Plaintiff argues that she did not fail to disclose a material fact that would warrant vacatur of the prior judgment because the collateral source rule applies to her settlement with Moses precluding the reduction of the $75,000 judgment. Plaintiff asserts that a tortfeasor cannot benefit from receipt of total or

partial compensation from a collateral source wholly independent of the wrongdoer (*see, Gray v Pashkow*, 168 AD2d 849). Thus, she argues that her settlement of the judgment for $12,000 did not release defendant from its obligation to pay the damages which were determined at the time of the breach and that the settlement was therefore irrelevant and the failure to disclose it not material.

We disagree. The collateral source doctrine is not applicable to plaintiff's situation since defendant is only liable for the loss defendant incurred as a result of its failure to represent her. Consequently, plaintiff's assertion is unavailing. Moreover, the judgment for $75,000 was a potential or contingent liability against plaintiff which had not yet matured and, as it had not been paid or enforced, the discharge of the judgment extinguished the liability.

We conclude that plaintiff's actions, if not a fraud upon the court and defendant, constituted misrepresentation and misconduct sufficient to warrant vacatur of the judgment (*see, Gorman, Naim & Musa v ABJ Fire Protection*, 195 AD2d 1063; *Tortorello v Tortorello*, 161 AD2d 633; *see also, Oppenheimer v Westcott*, 47 NY2d 595; *Yip v Ip*, 229 AD2d 979).

Plaintiff argues that since defendant's discovery of facts that were a matter of public record was belated, its motion to vacate should not be sustained in the absence of the proffer of a reasonable excuse for the delay. This contention is rejected in view of plaintiff's material and knowledgeable misrepresentation and misconduct (*see, Gorman, Naim & Musa v ABJ Fire Protection, supra*). Finally, plaintiff's reliance on *DiIorio v Gibson & Cushman* (161 AD2d 532) is rejected as inapposite.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.