■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v STATE FARM MUTUAL INSURANCE COMPANY, Respondent. [670 NYS2d 803] —In a proceeding pursuant to CPLR article 75 to confirm two arbitration awards, both dated March 20, 1996, the petitioner appeals from an order of the Supreme Court, Westchester County (Fredman, J.), dated April 30, 1997, which granted the motion of the respondent, State Farm Mutual Insurance Company, to vacate a judgment of the same court, entered January 24, 1997, confirming the arbitration awards upon the respondent's default in opposing the petition.

Ordered that the order is affirmed, with costs.

To vacate a judgment entered upon default, a party must demonstrate the existence of a reasonable excuse for its default and a meritorious defense to the action (*see,* CPLR 5015 [a] [1]; *see, Rock v Schwartz,* 244 AD2d 542; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333). In the instant matter, the obvious and inexcusable misrepresentations made by the appellant in support of its petition to confirm the arbitration awards justified the vacatur of the respondent's default in failing to oppose the petition (*see, Tortorello v Tortorello,* 161 AD2d 633; *see also, Birsett v General Acc. Ins. Co.,* 241 AD2d 683). Furthermore, in light of the respondent's potential defense based upon its claim that it never received proper service of the arbitration notice and its claim of law office failure (*see,* CPLR 2005), the court providently exercised its discretion in granting the respondent's motion. The parties should expeditiously litigate the confirmation issue on the merits. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.