■ Lot 1555 Corp. et al., Respondents, v Fron Nahzi, Appellant. [912 NYS2d 405]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered November 24, 2009, which, to the extent appealed as limited by the briefs, denied defendant's motion to dismiss the action on the basis of res judicata, unanimously affirmed, with costs.

"[W]here there is a valid final judgment the doctrine of res judicata, or claim preclusion, bars future litigation between those parties on the same causes of action" (*Matter of Hodes v Axelrod*, 70 NY2d 364, 372 [1987]). This doctrine is based on the principle that a "judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" (*Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307 [1929]). Even assuming that plaintiff Biberaj had been a party defendant in the prior action (*Nahzi v Lieblich*, 69 AD3d 427 [2010], *lv denied* 15 NY3d 703 [2010]), res judicata would not apply because the de-

fendants in the prior action were not required to assert as a counterclaim the claim they bring in this action. The judgment in the prior action established that defendant, the plaintiff in that action, was entitled to a percentage of the sale price of real property owned by defendant Lot 1555 Corp. In this action, plaintiffs claim that they loaned defendant a substantial sum to purchase a cooperative apartment. The judgment they seek would not destroy or impair rights or interests established by the first judgment. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.