# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**81**

**CA 13-00831**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

WELLS FARGO BANK NA, SUCCESSOR BY MERGER
TO WELLS FARGO BANK MINNESOTA, NA, AS
TRUSTEE FORMERLY KNOWN AS NORWEST BANK
MINNESOTA, NA, AS TRUSTEE FOR THE DELTA
FUNDING HOME EQUITY LOAN ASSET-BACKED
CERTIFICATE SERIES 1999-2,
PLAINTIFF-RESPONDENT,

              V                                         MEMORANDUM AND ORDER

DAVID J. PODESWIK, AS ADMINISTRATOR OF THE
ESTATE OF KATHRYN PODESWIK, DECEASED, DELTA
FUNDING CORPORATION, DAVID JAY, BOB JAY,
LES PAULSON, LISA LOOMIS, MICHELLE WINTER
AND AMANDA ROBERTS, DEFENDANTS-APPELLANTS.
(ACTION NO. 1.)
------------------------------------------------
HILARY LESNIAK, AS ADMINISTRATOR OF THE
ESTATE OF KATHRYN PODESWIK, DECEASED,
PLAINTIFF-APPELLANT,

              V

WELLS FARGO BANK NA, SUCCESSOR BY MERGER
TO WELLS FARGO BANK MINNESOTA, NA, AS
TRUSTEE FORMERLY KNOWN AS NORWEST BANK
MINNESOTA, NA, AS TRUSTEE FOR THE DELTA
FUNDING HOME EQUITY LOAN ASSET-BACKED
CERTIFICATE SERIES 1999-2, DELTA FUNDING
CORPORATION, OCWEN LOAN SERVICING LLC,
AMERICAN SECURITY INSURANCE CO., AND
PETER T. ROACH, ESQ.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(ACTION NO. 2.)

---

LAURIE A. LESNIAK, WHITE PLAINS, FOR PLAINTIFF-APPELLANT.

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE & WELCH, LLP, ROCHESTER (LETTY
L. LASKOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT AND
DEFENDANT-RESPONDENT WELLS FARGO BANK NA, SUCCESSOR BY MERGER TO WELLS
FARGO BANK MINNESOTA, NA, AS TRUSTEE FORMERLY KNOWN AS NORWEST BANK
MINNESOTA, NA, AS TRUSTEE FOR THE DELTA FUNDING HOME EQUITY LOAN
ASSET-BACKED CERTIFICATE SERIES 1999-2 AND FOR DEFENDANT-RESPONDENT
OCWEN LOAN SERVICING LLC.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ROBERT A. CRAWFORD, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT AMERICAN SECURITY INSURANCE CO.

-----------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered July 17, 2012. The order and judgment, inter alia, granted the motion of Peter T. Roach, Esq., a defendant in action No. 2, for summary judgment dismissing the complaint in action No. 2 against him and sua sponte dismissed that complaint against all defendants in action No. 2.

It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion to vacate is granted, the nunc pro tunc order is vacated, the motion for summary judgment is denied, and the complaint in action No. 2 is reinstated.

Opinion by CENTRA, J.P.: On this appeal, we must decide whether to vacate an order that modified a default judgment of foreclosure by including an additional parcel. We conclude, inter alia, that plaintiff has made a clear showing of entitlement to such vacatur.

### Facts and Procedural History

These two actions have a lengthy factual and procedural history. In March 1997, Kathryn Podeswik (decedent) purchased two adjacent parcels of real property in Herkimer County; Parcel No. 1 is improved by a two-family dwelling, and Parcel No. 2 is improved by a four-family dwelling. Both parcels were used as rental property. On June 2, 1999, which was approximately one year prior to her death, decedent executed a note and mortgage in the amount of $60,000 covering Parcel No. 1 in favor of the predecessor of Wells Fargo Bank NA (Wells Fargo), plaintiff in action No. 1 and a defendant in action No. 2. The mortgage description shows that the mortgage encumbered only Parcel No. 1. Also on that date, decedent executed a second note and second mortgage in the amount of $31,700 covering Parcel No. 2 in favor of Wells Fargo's predecessor. Although the mortgages list the address of both properties as "124-128 East Main Street," Parcel No. 1 and Parcel No. 2 were defined by different metes and bounds, and the two mortgages were recorded separately in the Herkimer County liber of mortgages.

Decedent died intestate on May 6, 2000, and her husband, David J. Podeswik, a defendant in action No. 2, was named administrator of her estate. In June 2005, Podeswik ceased making payments on the first mortgage, prompting Wells Fargo to commence an action seeking to foreclose the first mortgage in late 2006 or early 2007 (action No. 1). The complaint, notice of pendency, and attached schedule A listed only the first mortgage and Parcel No. 1. Decedent's estate (Estate) was named as a defendant and defaulted in the action. Supreme Court (Daley, J.) issued a default judgment of foreclosure in October 2007, and Wells Fargo purchased the property at the subsequent public auction.

In the spring of 2007, Podeswik was removed as administrator of the Estate, and Hilary Lesniak, the plaintiff in action No. 2, was appointed administrator.  Lesniak and her attorney began communicating with Wells Fargo about the first and second mortgages in April 2007, and those communications continued until at least May 2009.  The Estate commenced action No. 2 against Wells Fargo and others in November 2009 alleging, inter alia, tortious interference with contract.  According to the Estate, despite the fact that no foreclosure action had been commenced with respect to Parcel No. 2, Wells Fargo had notified the tenants of that property around December 2006 that they needed to vacate the premises because of a foreclosure action.  Around February 2007, the tenants vacated the premises and, shortly thereafter, the pipes in the abandoned residence froze and burst, causing extensive damage.

Meanwhile, it appears from the record that, when Wells Fargo sought title insurance following its purchase at the auction, it became aware that the judgment of foreclosure covered only Parcel No. 1.  Wells Fargo contacted Lesniak's attorney and requested that the Estate execute a deed in lieu of foreclosure for Parcel No. 2 to correct an "error in the foreclosure action."  Wells Fargo indicated that, if it did not receive the deed, it would move to reopen the foreclosure action to amend it by including Parcel No. 2.  Lesniak did not execute the deed and, in August 2009, before the Estate commenced action No. 2, Wells Fargo moved for a nunc pro tunc order in action No. 1 to amend the judgment of foreclosure (nunc pro tunc motion).  Despite having communicated with Lesniak and her attorney for over two years, Wells Fargo served the notice of motion only on Podeswik, who was still the Estate's representative of record with respect to the foreclosure action; Lesniak was not aware of the motion.

In the nunc pro tunc motion, Wells Fargo sought "an Order deeming the pleadings, lis pendens, judgment of foreclosure and sale and all other documents filed in the instant foreclosure action corrected *nunc pro tunc*, pursuant to CPLR []2001 and in the interests of justice, to correct a recurring error in the legal description stated."  In the affirmation in support of the motion, Wells Fargo's attorney asserted that "the Property described [in the first mortgage] by its common address, contains two parcels, Parcel #1 and Parcel #2."  After receiving no opposition, Supreme Court (Daley, J.) granted the motion, and its order thereon was entered on September 21, 2009 (nunc pro tunc order).  The nunc pro tunc order states that the "mortgage instrument, pleadings, lis pendens, judgment of foreclosure and sale and all other documents filed in the instant foreclosure action are deemed to contain, *nunc pro tunc*, the correct Schedule A-Legal Description annexed to this Order and made a part hereof."  The "correct Schedule A" contains the legal description of both Parcel No. 1 and Parcel No. 2.

The Estate now appeals from an order and judgment of Supreme Court (Gall, J.) deciding various motions related to the two actions. As relevant to this appeal, the court denied the Estate's motion pursuant to CPLR 5015 seeking, inter alia, to vacate the nunc pro tunc order in action No. 1.  The court also granted the motion of Peter T.

Roach, Esq., a defendant in action No. 2, for summary judgment seeking dismissal of the complaint against him in action No. 2 and sua sponte dismissed the complaint against all defendants in action No. 2. We conclude that the order and judgment insofar as appealed from should be reversed.

### *Analysis*

I

We first address the Estate's motion pursuant to CPLR 5015 to vacate the nunc pro tunc order issued in action No. 1. Although the Estate did not specify any particular subdivision of that statutory provision as a ground for its motion, we conclude based on the arguments made in support of the motion that the Estate was seeking vacatur pursuant to CPLR 5015 (a) (3) or (4), and we agree with the Estate that the nunc pro tunc order should have been vacated on those grounds.

First, we agree with the Estate that the court (Gall, J.) should have granted the motion to vacate the nunc pro tunc order because the court (Daley, J.) was without subject matter jurisdiction to issue the nunc pro tunc order (*see* CPLR 5015 [a] [4]). Wells Fargo moved for the nunc pro tunc order pursuant to CPLR 2001, which provides that a "court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." The court erred in granting the nunc pro tunc motion because Wells Fargo was not seeking to correct a mere ministerial or clerical mistake (*see Meenan v Meenan*, 103 AD3d 1277, 1278-1279). We conclude that, based on its discussions with Lesniak's attorney and, indeed, based on the plain language of the two mortgages it held, Wells Fargo either was aware or should have been aware that the judgment of foreclosure concerned only Parcel No. 1, and that it had failed to commence a foreclosure action with respect to Parcel No. 2. The complaint in action No. 1 clearly sets forth that Wells Fargo was foreclosing only the first mortgage; there is nothing in the complaint or lis pendens in action No. 1 referencing the second mortgage or Parcel No. 2. Rather than commencing a foreclosure action with respect to Parcel No. 2, Wells Fargo improperly sought to amend the judgment of foreclosure by adding an entirely separate parcel, and made representations to the court that it merely sought to correct a simple clerical mistake. In issuing the nunc pro tunc order, the court made a substantive amendment to the judgment of foreclosure without jurisdiction (*see Helmer v McKerrow*, 207 AD2d 967, 968; *cf. Key Bank Natl. Assn. v Stern*, 14 AD3d 656, 657). Without jurisdiction, "the default [nunc pro tunc order] is a nullity and must be vacated" (*2837 Bailey Corp. v Gould*, 143 AD2d 523, 524; *see Hitchcock v Pyramid Ctrs. of Empire State Co.*, 151 AD2d 837, 838).

Second, we agree with the Estate that the court (Gall, J.) also should have granted the motion to vacate the nunc pro tunc order based

on "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]; *see Oppenheimer v Westcott*, 47 NY2d 595, 603-604; *Yip v Ip*, 229 AD2d 979, 979; *Gorman, Naim & Musa, M.D., P.C. v ABJ Fire Protection*, 195 AD2d 1063, 1064). In its nunc pro tunc motion, Wells Fargo asserted that the "common address" of 124-128 East Main Street contained both Parcel No. 1 and Parcel No. 2. Wells Fargo failed to advise the court (Daley, J.), however, that the metes and bounds descriptions of the two parcels are different. Wells Fargo does not dispute that, "when there is a discrepancy between the street address and the legal description of a piece of real property, the legal description controls" (*Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 219 AD2d 186, 190, *lv denied* 88 NY2d 808). Wells Fargo also failed to advise the court of the second mortgage that encumbered Parcel No. 2, which, as noted earlier, was executed on the same date as the first mortgage. Further, Wells Fargo failed to advise the court that there was a two-family dwelling on Parcel No. 1 and a separate four-family dwelling on Parcel No. 2. Had Wells Fargo made the court aware of those facts, the court may have realized that there was no clerical error in omitting Parcel No. 2 from schedule A. We conclude that, when presenting its nunc pro tunc motion, at worst, Wells Fargo perpetrated a fraud upon the court and, at best, it engaged in misconduct by not revealing all of the facts to the court. Indeed, we are struck by the fact that, on appeal, Wells Fargo makes no effort to defend the propriety of the nunc pro tunc order, and instead raises only procedural objections to the Estate's motion to vacate, which are all without merit.

We reject the contention of Wells Fargo that, because this appeal is from only the order and judgment, and not from the nunc pro tunc order, the Estate may not raise legal issues pertaining to the nunc pro tunc order. Although the Estate could not have appealed directly from the nunc pro tunc order because it was entered on default (*see Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d 1195, 1196; *Lauer v City of Buffalo*, 53 AD3d 213, 215), we conclude that the Estate properly availed itself of its only remedy by moving to vacate the nunc pro tunc order pursuant to CPLR 5015. We further conclude that the Estate properly raises on this appeal from the order and judgment denying that motion legal issues pertaining to the nunc pro tunc order, namely, whether the court had the authority to issue the nunc pro tunc order and whether Wells Fargo committed fraud or misconduct in seeking the nunc pro tunc order.

Wells Fargo further contends that the court (Gall, J.) properly denied the motion to vacate because it was untimely and because it was not supported by an affidavit of merit. We reject that contention and conclude that neither ground was an appropriate basis for denying the motion to vacate. A motion to vacate pursuant to CPLR 5015 (a) (3) on the ground of fraud must be made in a "reasonably timely manner" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1418; *see Miller v Lanzisera*, 273 AD2d 866, 868, *appeal dismissed* 95 NY2d 887, *rearg denied* 96 NY2d 731), and a motion to vacate pursuant to CPLR 5015 (a) (4) for lack of jurisdiction may be made at any time (*see Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523; *Matter of*

*DeNoto v DeNoto*, 96 AD3d 1646, 1647; *Robert F. Wood, P.C. v Ford*, 78 AD2d 585, 585).  Under the circumstances of this case, we conclude that the motion as grounded upon CPLR 5015 (a) (3) was made in a reasonably timely manner.  Further, the Estate was not required to set forth a meritorious defense in an affidavit of merit on its motion to vacate pursuant to CPLR 5015 (a) (3) (*see Tonawanda Sch. Empls. Credit Union v Zack*, 242 AD2d 894, 894), or (a) (4) (*see Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 713-714; *Ayala v Bassett*, 57 AD3d 387, 389).  In addition, contrary to the contention of Wells Fargo and the reasoning of the court, CPLR 6501 has no relevance to the Estate's motion to vacate.

II

   We next address the motion by Roach for summary judgment dismissing the complaint against him in action No. 2.  Roach argued, and the court (Gall, J.) agreed, that action No. 2 was barred by res judicata.  The court therefore granted the motion and sua sponte dismissed the complaint in action No. 2 against all defendants.  We note that Peter T. Roach and Associates, P.C. represented Wells Fargo in the foreclosure action and moved for the nunc pro tunc order.  Roach has not appeared in this appeal, but Wells Fargo and defendant American Security Insurance Co. (American Security), a defendant in action No. 2, contend that the court's ruling was proper (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429).  We reject that contention.

   "[W]here there is a valid final judgment[,] the doctrine of res judicata, or claim preclusion, bars future litigation between those parties on the same cause of action" (*Matter of Hodes v Axelrod*, 70 NY2d 364, 372).  "This doctrine is based on the principle that a 'judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first' " (*Lot 1555 Corp. v Nahzi*, 79 AD3d 580, 580, quoting *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307).

   First, we conclude that, inasmuch as action No. 1 involved only Parcel No. 1, and action No. 2 involved only Parcel No. 2, the issues raised in action No. 2 were not "necessarily decided" in the action resulting in the default judgment of foreclosure, and res judicata therefore is inapplicable to the issues raised in action No. 2 (*Matter of New Cr. Bluebelt, Phase 4*, 79 AD3d 888, 890, *lv dismissed* 16 NY3d 825 [internal quotation marks omitted]).  The nunc pro tunc order amended the judgment of foreclosure by adding Parcel No. 2, but the nunc pro tunc order is a nullity and has no res judicata effect (*see Blank v Schafrann*, 206 AD2d 771, 774).

   Second, contrary to the contentions of Wells Fargo and American Security, the Estate would not have been required to assert its claims from action No. 2 as counterclaims in action No. 1 even if that action sought to foreclose upon Parcel No. 2 (*see Lot 1555 Corp.*, 79 AD3d at

580-581).  Neither Wells Fargo nor American Security has shown that the claims asserted by the Estate in action No. 2 would "impair the rights or interests established" in action No. 1 (*Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 462 n 2, *rearg denied* 69 NY2d 741; *see Lot 1555 Corp.*, 79 AD3d at 581).  The general rule is that, when "a defendant may interpose a claim as a counterclaim but fails to do so, the doctrine of *res judicata* . . . does not apply to prevent [it] from subsequently maintaining an action on that claim" (*Pace v Perk*, 81 AD2d 444, 460; *see Henry Modell & Co.*, 68 NY2d at 462 n 2; *67-25 Dartmouth St. Corp. v Syllman*, 29 AD3d 888, 889-890), and we conclude that the general rule applies herein.

### *Conclusion*

Accordingly, we conclude that the order and judgment insofar as appealed from should be reversed, the motion to vacate granted, the nunc pro tunc order vacated, the motion for summary judgment denied, and the complaint in action No. 2 reinstated.

Entered:  February 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court