Srp 2012-5, LLC v Corrao (2018 NY Slip Op 08524)





Srp 2012-5, LLC v Corrao


2018 NY Slip Op 08524


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-10551
 (Index No. 50938/14)

[*1]SRP 2012-5, LLC, respondent, 
v
Thomas Corrao, appellant, et al., defendants.


Hogan & Rossi, Brewster, NY (David Simon of counsel), for appellant.
Daniel H. Richland, PLLC, Lindenhurst, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Thomas Corrao appeals from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated September 23, 2016. The judgment of foreclosure and sale, upon an order of the same court dated March 11, 2016, granting the plaintiff's motion for summary judgment on the complaint and denying the defendant Thomas Corrao's cross motion for summary judgment dismissing the complaint to the extent that the complaint seeks relief pertaining to certain lots, is in favor of the plaintiff and against that defendant, directing the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In September of 2005, the defendant Thomas Corrao (hereinafter the defendant) executed a promissory note in the amount of $615,000 in favor of Webster Bank, National Association (hereinafter Webster Bank), that was secured by a mortgage encumbering real property located in Dutchess County. Webster Bank assigned the mortgage and the note to the plaintiff, and in October of 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Thereafter, the defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him based on documentary evidence, arguing that the mortgage only encumbered "Lot 5," yet the foreclosure action sought to foreclose "Lots 4 & 6." The Supreme Court denied the motion, finding that the documents submitted by the defendant did not definitively dispose of the plaintiff's causes of action since the legal description annexed to the mortgage as Schedule A included Lots 4, 5, and 6.
The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and the defendant cross-moved for summary judgment dismissing the complaint to the extent that it seeks relief pertaining to Lots 4 and 6. In an order dated March 11, 2016, the Supreme Court granted the motion and denied the cross motion. The court stated, among other things, that the submitted papers lacked evidentiary proof to substantiate the defendant's defenses.
Subsequently, the Supreme Court granted the plaintiff's application for leave to enter a judgment of foreclosure and sale. The judgment of foreclosure and sale, dated September 23, 2016, directed, inter alia, that the mortgaged premises should be sold as one parcel. The defendant [*2]appeals. We affirm.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689).
The defendant contends that the judgment of foreclosure and sale should be vacated or, in the alternative, modified to the extent of limiting foreclosure to Lot 5 only. While the mortgage referred to "the Property which is located at LOT 5 OHLAND ROAD REAR," it also stated that the legal description was in "SCHEDULE A' ATTACHED HERETO AND MADE A PART HEREOF." Schedule A contains the metes and bounds description of the property which clearly includes Lots 4, 5, and 6. Contrary to the defendant's contention, when there is a discrepancy between the legal address and the legal description of a piece of property, the legal description controls (see Wells Fargo Bank NA v Podeswik, 115 AD3d 207, 213; Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 190; see also Beattie v Garrison, 204 App Div 335, 337, affd 236 NY 574).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion, denying the defendant's cross motion, and subsequently entering the judgment of foreclosure and sale.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court