HSBC Bank USA N.A. v Kantor (2023 NY Slip Op 01781)

HSBC Bank USA N.A. v Kantor

2023 NY Slip Op 01781

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-02413
 (Index No. 4403/06)

[*1]HSBC Bank USA N.A., etc., respondent,
v
Olga Kantor, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Jason R. Lipkin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Olga Kantor appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered January 16, 2020. The order granted the plaintiff's motion pursuant to CPLR 5015(a), in effect, to vacate an order of the same court dated October 3, 2018, granting those branches of the unopposed motion of the defendant Olga Kantor which were pursuant to CPLR 5015(a) to vacate an order of the same court (Peter J. Kelly, J.) dated May 22, 2006 and an order and judgment of foreclosure and sale (one paper) of the same court dated April 23, 2007, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order entered January 16, 2020, is affirmed, with costs.
In February 2006, the plaintiff commenced this action against the defendant Olga Kantor (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Astoria (hereinafter the subject property). After the defendant failed to timely appear or answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. By order dated May 22, 2006 (hereinafter the order of reference), the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Upon receipt of the referee's report, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated April 23, 2007, the court, among other things, granted the plaintiff's motion and directed the sale of the subject property. In September 2016, the defendant moved, inter alia, to vacate the order of reference and the order and judgment of foreclosure and sale, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. By order dated October 3, 2018, the court, upon a decision dated November 21, 2016, granted those branches of the defendant's motion without opposition. In or around October 2018, the plaintiff moved pursuant to CPLR 5015(a), in effect, to vacate the order dated October 3, 2018. The plaintiff argued, among other things, that the defendant's omission in her motion, inter alia, to vacate of any reference to a 2007 stipulation the defendant had executed in another action relating to the subject property and the subject mortgage—in which the defendant had agreed, inter alia, "not to object to or in any manner delay the setting and completion of a foreclosure sale on the subject property" (hereinafter the 2007 stipulation)—constituted fraud, misrepresentation, [*2]and/or other misconduct pursuant to CPLR 5015(a)(3). By order entered January 16, 2020, upon a decision dated June 26, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 903, 905 [internal quotation marks omitted]). An omission of material information is sufficient to constitute fraud, misrepresentation, or other misconduct under the statute (see Oppenheimer v Westcott, 47 NY2d 595, 603-604; Wells Fargo Bank NA v Podeswik, 115 AD3d 207, 213-214; Matter of Aetna Cas. & Sur. Co. v State Farm Mut. Ins. Co., 249 AD2d 385, 385; Birsett v General Acc. Ins. Co. of Am., 241 AD2d 683, 684-685). Since the defendant's omission of any reference to the 2007 stipulation had no relation to the plaintiff's ability to oppose the defendant's motion, it did not constitute extrinsic fraud (see Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797). Instead, the defendant's omission constituted intrinsic fraud, or presenting false statements or information to a court, which required the plaintiff to establish a reasonable excuse for its default and a potentially meritorious opposition to the defendant's motion (see Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 954; HSBC Bank USA, N.A. v Walker, 201 AD3d at 797). Contrary to the defendant's assertions, the plaintiff established a reasonable excuse for failing to oppose the defendant's motion based on a calendaring error made by the plaintiff's counsel (see Muhammed v Federal Express Corp., 199 AD3d 695, 696; Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949; Jackson v Kothuru, 183 AD3d 707, 708-709). The plaintiff also demonstrated a meritorious opposition to the defendant's motion by showing that the 2007 stipulation would have changed the outcome of the motion.
Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 5015(a), in effect, to vacate the order dated October 3, 2018.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court